**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER G. THOMAS,

Plaintiff,

v.

JACLYN M. JENKINS; WILLIAM JENKINS,

Defendants.

Case No.:  3:25-cv-02662-RBM-DEB

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2]**

**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

On October 7, 2025, Plaintiff Christopher G. Thomas ("Plaintiff") filed a Complaint for Extortion ("Complaint") (Doc. 1) and a Request to Waive Court Fees ("IFP Motion") (Doc. 2).  For the reasons discussed below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint is **DISMISSED with leave to amend**.

## I.    DISCUSSION

A motion to proceed *in forma pauperis* ("IFP") presents two issues for the Court's consideration.  First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court.  *See* 28 U.S.C. §§ 1914(a),

_____

[1] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1915(a). An applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

**A.      Plaintiff's IFP Application**

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff represents that he is unemployed and has a car worth about $500, a bank account with under $300 in it, no real property, and monthly expenses of about $400. (Doc. 2 at 1.) Accordingly, the Court is persuaded that Plaintiff cannot pay the filing fee

---

However, the additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:25-cv-02662-RBM-DEB

and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted). The Court therefore exercises its discretion and **<u>GRANTS</u>** Plaintiff's IFP Motion.

## B.    Screening Under 28 U.S.C. § 1915(e)

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

### 1.    The Complaint

Plaintiff alleges that Defendants Jaclyn M. Jenkins and William Jenkins ("Defendants"), through a law firm, sent Plaintiff a demand letter related to a car accident in which he was involved. (Doc. 1 at 1; *see* Doc. 1-4 at 2.)  The letter claimed that Plaintiff was negligent in the car accident, "despite court findings in Plaintiff's favor that [Defendant] William Jenkins caused the accident." (Doc. 1 at 1.)  "The letter threatened Plaintiff with financial harm unless immediate payment was made, amounting to unlawful extortion." (*Id.*)  Plaintiff requests differing amounts of damages (*see* Doc. 1 at 1 (seeking "compensatory damages of $60,000" plus punitive damages); Doc. 1-1 at 2 (seeking $200,000 "plus actual and punitive damages"), and brings a claim for "Civil Extortion" under 18 U.S.C. § 1961 *et seq.* (Doc. 1-1 at 2.)

### 2.    Failure to State a Claim

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "[O]ur 'obligation' remains, 'where the petitioner is *pro se*, . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

3:25-cv-02662-RBM-DEB

(quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, the Court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Construing the Complaint liberally, the Court finds that Plaintiff asserts two causes of action: (1) civil extortion and (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Plaintiff fails to sufficiently plead either cause of action.

"As a general rule, there is no private cause of action for extortion, which is a criminal offense under state and federal law."  *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN (WVG), 2014 WL 1404877, at *4 (S.D. Cal. Apr. 10, 2014).  Even in those rare instances where courts have recognized a claim of civil extortion, "it is based on the same elements as criminal extortion."  *See Levitt v. Yelp! Inc.*, Nos. C-10-1321-EMC, C-10-2351 EMC, 2011 WL 5079526, at *9 n.5 (N.D. Cal. Oct. 26, 2011).  California Penal Code § 518(a) defines extortion as "the obtaining of property or other consideration from another, with his or her consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force, fear, or under color of official right."  The Court is not inclined to find a private cause of action for extortion.  But even if it did, Plaintiff has not sufficiently pleaded that Defendants have "obtain[ed] property or other consideration" from him, or that a demand letter constitutes a "wrongful use."  Cal. Pen. Code § 518(a); *see also Lee v. Lee*, Case No. LA CV19-08814 JAK (FFMx), Case No. LA CV19-09564 JAK (FFMx), 2021 WL 4459762, at *7 (C.D. Cal. May 13, 2021) ("In general, a demand letter is not deemed to be an act of extortion.  '[R]ude, aggressive, or even belligerent prelitigation negotiations, whether verbal or written, that may include threats to file a lawsuit' . . . are not necessarily extortionary absent 'extreme circumstances.'") (quoting *Malin v. Singer*, 217 Cal. App. 4th 1283, 1297 (2013)).

The Court also construes the Complaint to raise a claim under RICO.  (*See* Doc. 1-1 at 2 (invoking 18 U.S.C. § 1961 *et seq.*).)  RICO provides a private civil action for injuries caused by violation of its substantive provisions.  To state a RICO claim, a plaintiff must plead five elements.  "The RICO statute sets out four elements: a defendant must participate

4

in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. §1962(c)). "In addition, the conduct must be (5) the proximate cause of harm to the victim." *Id.*

"A pattern is defined as 'at least two acts of racketeering activity' within ten years of each other." *Howard v. AOL*, 208 F.3d 741, 746 (9th Cir. 2000) (quoting 18 U.S.C. § 1961(5)). Plaintiff alleges a single incident: "On or about February 15, 2023, Plaintiff received a written demand letter authored and directed by [Defendants]." (Doc. 1-4 at 3.) Plaintiff does not refer to any other allegedly racketeering action taken by Defendants. This single incident of allegedly illegal activity is insufficient to establish a "pattern" of racketeering activity. *Accord Curry v. Baca*, 497 F. Supp. 2d 1128, 1137–38 (C.D. Cal. 2007) ("Plaintiff's RICO cause of action is allegedly based on the November 29, 2004 incident. However, even if this incident was true, it constitutes only a single predicate act."). Therefore, Plaintiff has not stated a civil extortion or a RICO claim "that is plausible on its face" against Defendants. *See Ashcroft*, 556 U.S. at 678.

## II.  CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED with leave to amend**. Plaintiff may file an amended Complaint that addresses the deficiencies above on or before **July 10, 2026**. If Plaintiff declines to file an amended Complaint, his case may be closed.

**IT IS SO ORDERED.**

DATE:  June 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-02662-RBM-DEB